MITCHELL, RIX, & CO. AND RIX, RICH, & CO. v. JOHN T. RICH.

1, Service of process on one of several partners, after the dissolution of the part-
nership, and a confession of judgment by the one served, will not authorize a
judgment against the other partners.

Writ of error to the Circuit Court of Pickens County.

JOHN T. Rich sued out his writ against Henry H. Mitchell,
William Rix, George Rix, and Reuben Rich ; describing them,
as late merchants in trade, doing business under the name, firm,
and style of Mitchell, Rix & Co. : and against same parties as
late merchants in trade, under the name, firm, and style of Rix,
Rich & Co.   The writ was served on Reuben Rich only, and
returned not found as to the other defendants.   The same de-
scription of the parties is contained in the declaration.   At the
first term after that to which the writ was returned, Reuben
Rich confessed judgment, for a certain sum therein named, as
debt and damages, and the court, thereupon, rendered judgment
against all the defendants, for the amount so confessed by Reu-
ben Rich.

The error relied on for reversing the judgment, is, that the
court erred in giving judgment against the other defendants, on
the confession of Rich.

BLISS, for the plaintiff in error, submitted the cause without
argument ; no counsel appearing for the defendant in error.

GOLDTHWAITE, J.—It is not important to consider, wheth-
er the allegation, that the defendants were late merchants in trade
doing business under the name and firm stated, is equivalent to
an averment that they were late partners ; for without this allega-
tion, no presumption of partnership can arise; and with it, we must

Mitchell, Rix & Co. and Rix, Rich & Co. v. John T. Rich.

infer what the words evidently import—that the partnership did not exist when the writ was issued. In either aspect of the case, the same legal consequences ensue. If the defendants were not partners at the time of the confession of the judgment, Rich had no pretence of authority, to bind the other defendants. Indeed the record does not disclose, that he did more than confess the cause of action as to himself. The judgment should have been entered against him only.

If one partner is to be considered as authorised to confess judgment in the name of the firm, (a matter, as to which, we give no opinion) it can only be during the continuance of the partnership: and therefore, if the confession had been by Rich, in the name of his partners, the judgment would have been erroneous; as the dissolution of the firm, must be inferred from the allegation that the defendants were late merchants in trade, etc.

Let the judgment be reversed and the cause remanded, that the plaintiff may proceed against Rich alone, or otherwise, as he may be advised.